## BARNETT v. GRIZZELL.

8 Div. 83.

Court of Appeals of Alabama.

June 25, 1935.

Thos. E. Orr, of Albertville, and O. D. Street, of Guntersville, for appellant.

Wm. C. Rayburn, of Guntersville, for appellee.

RICE, Judge.

The appeal is from a judgment in favor of the plaintiff (appellee) for part of the property sued for in a statutory action of detinue, rendered in her favor on the trial before the court, sitting without a jury, of an issue made up between her and the appellant, who had claimed the property in the manner provided by the statute (Code, § 7403) for the interposition of such a claim by one not a party to the suit.

The defendant in the detinue suit was one J. G. Samples; and the particular item of personal property involved upon this appeal is "one black horse mule."

It is without dispute that both appellant and appellee held valid mortgages upon said mule; appellant's mortgage being executed in 1931, and appellee's in 1933. Appellee prevailed in the court below, as to title to this mule, upon the apparent assumption that the testimony showed in the requisite way that appellant's mortgage upon same had been fully paid off and discharged.

But we think otherwise.

Appellee contends that she had a prior, valid, lien upon the single bale of cotton delivered to appellant in the fall of 1933. Well, if so, said bale of cotton, or its proceeds, could not be considered as an extinguishing credit (for its value was more than $40—the admitted balance due on same) of the amount remaining due upon appellant's 1931 mortgage, above.

Upon the other hand, if, as appellant claims, appellee had no lien upon the bale of cotton which he received, she was certainly not concerned with how its proceeds were credited; hence appellant's contention that same were applied, with the mortgagors' consent, upon another debt owing from the mortgagor (Samples) to appellant, stands uncontroverted.

So, in either or any event, the evidence stands without dispute that the balance of $40—more than the value of the mule in question—upon appellant's 1931 mortgage upon same, had never been paid.

It results that the trial court was in error in rendering judgment for appellee for the possession of the said mule. The same is reversed.

No complaint is here properly made as to the part of the judgment of the court below awarding to appellant the possession of the $3.75 worth of fodder involved. The same will stand as a part of the judgment to be here entered.

So it is the order and judgment of this court that appellant do have and recover of the appellee the above herein mentioned

mule, together with the fodder described, as well as all his costs incurred in the case. Code 1923, § 9502.

Reversed and rendered.